**EXHIBIT 2**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNTIED STATES OF AMERICA, | ) Case No.: 1:05-CR-96 |
| Plaintiff, | ) |
| vs. | ) Hon. Gordon J. Quist |
| | ) |
| XAVIER JACQUES JACKSON, | ) **MOTION TO SUPPRESS EVIDENCE, MEMORANDUM IN SUPPORT AND REQUEST FOR EVIDENTIARY HEARING** |
| Defendant | |

Daniel R. Fagan (P39735)
Daniel R. Fagan & Associates, P.C.
The Steepleview Building
429 Turner Ave., NW
Grand Rapids, MI 49504
(616) 224-2564

Attorney for Defendant

**MOTION TO SUPPRESS EVIDENCE**

NOW COMES the Defendant, Xavier Jackson, by his counsel Daniel R. Fagan and Associates, P.C. by Daniel R. Fagan and for his motion states:

1. That he is the defendant in the above-entitled matter and that he is charged in an eleven-count indictment alleging conspiracy to distribute and possession with intent to distribute heroin and cocaine in an amount in excess of 100 grams of heroin in violation of 21 USC §846, 21 USC §846, 21 USC §841(a)(1), 21 USC §841(b)(1)(B)(i), and 21 USC §841(b)(1)(C) and in Count 11 of the Indictment, Xavier Jackson is likewise charged with a separate count of possession with intent to distribute cocaine, in violation of 21 USC § 841(a)(1), 21 USC §841(b)(1)(C), and 18 USC §2.

2. That the defendant is informed and believes that at the trial of this matter the government intends to introduce evidence seized on November 14, 2005 from his person

subsequent to his unlawful arrest and detention at the Berrien County Sheriff's Department in Berrien County, Michigan.

  3. That the defendant is informed and believes that the evidence sought to be introduced at trial will include heroin packets seized from his person as a result of the last of multiple searches and strip searches of his person conducted without a warrant subsequent to a pretense traffic stop of an automobile in which Defendant Xavier Jackson was a passenger.

  4. That the search for, and seizure of, evidence from the person of Xavier Jackson was conducted without a search warrant after Mr. Jackson was wrongfully taken into custody and after he was wrongfully arrested.

  5. That, in light of the constitutional violations of Xavier Jackson's Fourth Amendment rights, the wrongfulness of his arrest and a lack of any valid exception to those rights, the evidence seized in the search which occurred on November 14, 2005, in the County of Berrien must be suppressed from use at the trial in this matter, along with any evidence which was derived from that arrest and those searches and seizures.

  WHEREFORE, this Defendant prays that this honorable court suppress from use at trial, any evidence seized pursuant to the illegal arrest and subsequent illegal searches and make such other rulings as it deems necessary and proper after an evidentiary hearing in which the Government will have the burden of establishing the lawfulness of the arrest and subsequent search of Mr. Jackson.

Dated _____, 2006

Respectfully submitted,
By /s/ Daniel R. Fagan
Daniel R. Fagan (P39735)
Daniel R. Fagan & Associates, P.C.
The Steepleview Building
429 Turner Ave., NW
Grand Rapids, MI 49504
(616) 224-2564

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
MICHIGAN
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNTIED STATES OF AMERICA, ) | Case No.: 1:05-CR-96 |
| ) | |
| Plaintiff, ) | Hon. Gordon J. Quist |
| vs. ) | |
| ) | **MOTION TO SUPPRESS EVIDENCE,** |
| XAVIER JACQUES JACKSON, ) | **MEMORANDUM IN SUPPORT AND** |
| ) | **REQUEST FOR EVIDENTIARY** |
| Defendant ) | **HEARING** |

| | |
|---|---|
| Daniel R. Fagan (P39735) | |
| Daniel R. Fagan & Associates, P.C. | |
| The Steepleview Building | |
| 429 Turner Ave., NW | |
| Grand Rapids, MI 49504 | |
| (616) 224-2564 | |
| | |
| Attorney for Defendant | |

## MEMORANDUM IN SUPPORT

### Factual Background

On November 14, 2005, Officer Andrew T. Collins of the Benton Harbor Police Department ("BHPD") indicates in a Police Report that he was contacted by a confidential police informant who advised him that Demond Atkins, his little brother, Justin Walker, and Defendant Xavier Jackson were selling heroin and cocaine in Benton Township. The officer was apparently advised that Demond Atkins was driving a silver SUV rental car on Pipestone driving toward the city of Benton Harbor. (See police report, attached as Exhibit A).

Officer Collins, in a patrol vehicle, subsequently observed Demond Atkins driving a silver SUV rental vehicle on Pipestone near Clay. The officer subsequently noted that the front-seat passenger, Justin Walker, was not wearing his safety belt.

Officer Collins indicates in his police report that he knows Justin Walker from prior drug related arrests and knew him to be Demond Atkins' little brother. He did not identify Xavier Jackson before the stop, but determined to initiate a traffic stop, presumably based upon the non-wearing of a safety belt.

The SUV driven by Demond Atkins was stopped at Plummer and Pipestone. The officer approached the driver (Atkins) where Collins indicates that he smelled a strong odor of burned marijuana. Atkins was asked for his license, registration and proof of insurance. Atkins was unable to retrieve any of that paperwork and was arrested for driving without a valid operator's license on his person. The officer removed Co-Defendant Atkins from the vehicle and searched him subsequent to his arrest. In Atkins' right front pants pocket he located a large amount of money in small denominations (28 twenty-dollar bills and 23 five-dollar bills). The officer notes in his police report that in his experience as a police officer for the city of Benton Harbor that it is common for suspects to possess large amounts of money in small denominations when they are involved in illegal narcotic sales. The officer then advised Atkins of his observation of the smell of marijuana. Atkins advised him that he could search the vehicle and that it was in his name as a rented vehicle.

The officer subsequently made contact with Xavier Jackson who was located in the rear passenger compartment of Atkins' vehicle. He was seated behind the passenger seat. Xavier Jackson was advised to exit the vehicle and patted down by the officer, allegedly for the safety of the officer. The Officer identified a large soft lump in the right front pants pocket of Mr. Jackson which he believed to be consistent with packaged marijuana. The officer asked Mr. Jackson if he had marijuana on his person

and Mr. Jackson allegedly advised him that all he had in his pocket was money. The officer alleges that Mr. Jackson gave him permission to remove the money and officer again indicates that he observed a large amount of money in small denominations (18 twenty-dollar bills, and 35 one-dollar bills). The officer then allegedly asks Mr. Jackson why he smelled like marijuana and Mr. Jackson allegedly said "We just got done smoking man." The officer then asked Mr. Jackson if he smoked in the vehicle with Walker and Atkins said he advised, allegedly, that "I just told you man, we just got done, but it's all gone." Xavier Jackson was subsequently arrested for the use of marijuana.

The officer allegedly had consent to search the vehicle. All of the passengers in the car, including Xavier Jackson, were allegedly advised of their Miranda rights and all allegedly indicated that they understood their rights and did not make substantial statements thereafter. Xavier Jackson, was interviewed concerning civil forfeiture of the money found on his person, and apparently indicated that he did not have a job but gave no other statements.

After Xavier Jackson was issued civil forfeiture paperwork, he was transported along with the other two men to the Berrien County Sheriff's Department allegedly to be lodged or processed for use of marijuana. According to Mr. Jackson, he was searched repeatedly before being taken to Berrien County Sheriff's Department. When Mr. Jackson was under arrest and in custody at Berrien County Sheriff's Department, he was strip searched twice. During the second strip search, jail personnel located a plastic baggie between Mr. Jackson's legs. The baggie was underneath Mr. Jackson's testicles. Inside the plastic baggie the officer recovered 140 individual bindles which were subsequently identified as heroin. It is clear that the government intends to

introduce the heroin which was found on the person of Mr. Jackson against him at trial in his case.

## Law and Argument

There are multiple separate times Mr. Jackson was searched. The initial searches occurred after a pretense traffic stop. The second set, which are the basis of this motion to suppress, included at least two strip searches at Berrien County Sheriff's Department subsequent to arrest. These searches, after arrest, were highly intrusive strip searches and should have been conducted subsequent to the officer obtaining a search warrant, particularly as they involved searches by police officers, equipped with plastic gloves, of areas around Mr. Jackson's genitalia. Given the totality of the circumstances surrounding the arrest of Mr. Jackson and subsequent detention and warrantless search, the fruits of that warrantless search should be suppressed.

> Warrantless seizures and searches are per se unreasonable and in violation of the constitution unless the prosecutor can demonstrate that one of the well-recognized exception to the warrant requirement applied. *See, e.g., Colidge v. New Hampshire*, 403 US 443 (1971).
>
> A warrantless seizure or search is never justified just because police have probable cause to believe that they will find contraband or evidence of a crime. *See, e.g., Johnson v. United States*, 333 US 10(1948); *Agnelli v. United States*, 269 US 20 (1925).

### A. The Fourth Amendment

The Fourth Amendment applies when 1) the intrusion is the product of government action; 2) the intrusion breaches society's reasonable expectation of privacy; and 3) the intrusion breaches legitimate expectations of privacy of the individual in question.

4

A determination of the "reasonableness" in any search is to be done by a neutral and detached magistrate according to legal principles. It is an oft quoted but nonetheless still true declaration of reason that judges, not policemen, decide the legal basis for a search. As the Supreme Court has stated:

> The point of the Fourth Amended, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people's homes secure only discretion of police officers. Crime, even in the privacy of one's own quarters, is, of course of grave concern to society, and the law allows such crime to be reached on proper showing. The right of officers to thrust themselves into a home is also a grave concern not only to an individual, but to a society which chooses to dwell in reasonable security and freedom from surveillance. When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent. *Johnson v. United States,* 333 US 10, 13-14, 68 S. Ct. 367, 369, 92 L. Ed. Ed. 436. (1948) (footnotes omitted).

**B.    Standing**

In order to claim the protections of the Fourth Amendment, it is Defendant's claim that standing is absolutely obvious in the instant case as it is the very person of Xavier Jackson himself which was being searched and so the expectation he had of privacy in that particular search is certainly as high as can exist under the law.

5

## C. Argument

Mr. Jackson was never tested for use of marijuana. There is no evidence of his use of marijuana other than the officer's statement. The charge itself of use was merely a pretense to allow further searching, including intrusive strip searches. Pretense upon pretense is all that supports the warrantless strip search of Mr. Jackson.

It is very clear that the officers who searched Xavier Jackson conducted a warrantless search of his person not based upon any exigent circumstances, but because they had found over Three-Hundred Dollars on his person. The officers conclude, based only on a tip by a confidential informant, that Xavier Jackson was selling heroin and cocaine. While the BHPD indicates that a confidential police informant had advised the officers that Xavier Jackson and others were selling heroin and cocaine in Benton Township, there is absolutely no evidence present from the police report as to what credibility, if any, this informant may have.

It is obvious that many alternatives existed to the police simply pursuing the continued strip searching of Xavier Jackson. It would have been extremely easy to obtain a search warrant and the risk of the destruction of Drugs, since Xavier Jackson was, presumably, under constant police surveillance, was absolutely zero. Further, none of the other exigent circumstances exceptions exist in this case. Warrantless strip searches cannot possibly be justified in this case. a warrant would have been extremely easy to obtain.

## Conclusion

For all of the reasons stated above, defendant submits that this motion must be granted and evidence obtained on November 14, 2005, must be suppressed.

Dated _____	Daniel R. Fagan & Associates, P.C.
	Attorneys for Plaintiff

	By:	/s/ Daniel R. Fagan
		Daniel R. Fagan (P39735)
		The Steepleview Building
		429 Turner, NW
		Grand Rapids, MI 49504
		(616) 224-2564