**EXHIBIT 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

XAVIER JACQUES JACKSON,

        Defendant.
_____/

No.1:05-CR-96-08

Hon. Paul L. Maloney
Chief United States District Judge

**"EXPEDITED CONSIDERATION REQUESTED"**

## JOINT PETITION TO VACATE, SET ASIDE, OR CORRECT CONVICTION AND SENTENCE, PURSUANT TO 28 U.S.C. § 2255, SUPPORTING BRIEF, AND PROPOSED ORDER

The United States of America, by and through its attorney's Donald A. Davis, United States Attorney for the Western District of Michigan, and Brian P. Lennon, Assistant United States Attorney, and the Defendant, Xavier Jaques Jackson, through his attorneys of record, Sharon A. Turek and Daniel R. Fagan, hereby jointly petition this Honorable Court to vacate, set aside, or correct the Defendant's conviction and sentence in the above-captioned case. This Joint Petition is made pursuant to Title 28, United States Code, Section 2255, and is based on newly discovered evidence that one of the primary investigators in the case, former Benton Harbor Police Department (BHPD) Officer Andrew Collins, knowingly planted evidence in a vehicle in which the Defendant was a passenger so as to create probable cause to arrest the Defendant. During a custodial search of the Defendant at the Berrien County Jail following this unlawful arrest, police found 104 heroin packets on the Defendant's person. Defendant Jackson was then charged in federal court with felony drug trafficking charges, pled guilty, and served his original 30-month sentence. Defendant Jackson is currently in the custody of the Federal Bureau of

Prisons serving the eight-month sentence he received on September 15, 2008, for violating the conditions of his supervised release. The parties respectfully request that this Honorable Court grant the parties' Joint Petition, vacate the Defendant's conviction, and order his release from federal custody as soon as practicable. Moreover, pursuant to Local Criminal Rule 12.5, the parties respectfully request "expedited consideration" of this Joint Petition.

In support of this Joint Petition, the United States of America, and the Defendant, through his counsel, stipulate and agree to the following:

1. On November 14, 2005, at approximately 4:45 PM, BHPD Officer Andrew Collins was working road patrol when he stopped a silver SUV near the intersection of Plummer and Pipestone Streets in Benton Harbor, Michigan. The vehicle was driven by Co-defendant Demond Atkins, whose then-juvenile brother was a front-seat passenger. Defendant Jackson was in the rear passenger seat, seated behind the driver. According to Officer Collins' report, he detected a strong odor of burnt marijuana emanating from the vehicle. After Officer Collins allegedly determined that the driver, Co-defendant Demond Atkins, did not have a driver's license, Atkins was arrested.

2. Defendant Jackson and the front seat passenger were also removed from the vehicle. While patting-down the outside of Defendant Jackson's clothes, Officer Collins purportedly felt a large soft lump in Jackson's right front pant's pocket and removed a quantity of U.S. currency from Jackson's pant's pocket. According to Officer Collins' report, Defendant Jackson admitted to smoking marijuana earlier and told Officer Collins that they had smoked it all.

3. According to Officer Collins' report, while searching the vehicle he allegedly found a small baggie of marijuana under the driver's seat. Federal investigators now know that Officer

Collins planted this small bag of marijuana under the driver's seat of the vehicle. Based in part on the purported discovery of this marijuana, Officer Collins arrested Defendant Jackson and the front-seat passenger along with the driver, Co-defendant Atkins.

4. Defendant Jackson was transported to the Berrien County Jail to be booked for use and possession of marijuana. Pursuant to Berrien County Sheriff's Department policy, all three occupants of the vehicle were strip-searched. When Defendant Jackson was strip-searched and asked to lift his scrotum, jail personal saw that Jackson was cupping something with his hand under his scrotum so that it would not fall to the ground. Jail personal told Jackson to "open his hand" but Jackson would not do so. As the jail personnel walked toward Jackson, he complied, and a plastic bag containing suspected heroin packets fell to the ground and was retrieved by Officer Collins, who was witnessing the strip-search. Inside the plastic bag, Officer Collins found 104 individual packets of suspected heroin in lottery papers, commonly referred to as "bindles." Some of the bindles field tested positive for the presence of heroin. Laboratory test later confirmed that the substance in the 104 bindles was heroin.

5. On November 17, 2005, Defendant Jackson was one of seven new defendants added to an eleven-count Second Superseding Indictment charging the original defendant, Antwan Mims, and all seven of the newly-added defendants in Count One with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and a quantity of cocaine. This conspiracy as alleged began in 2004 and continued to November 14, 2005 -- the date of the traffic stop by Officer Collins. Defendant Jackson was also named in Count Eleven, which charged both Jackson and Co-defendant Demond Atkins with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count Eleven stemmed from the

November 14, 2005 traffic stop during which, we now know, Officer Collins planted evidence in the vehicle, and after which Defendant Jackson was found to be in possession of 104 bindles of heroin on his person.

6. On January 26, 2006, Defendant moved to suppress the evidence obtained as a result of his strip-search at the Berrien County Jail. First Motion to Suppress (Record No. 133). The United States filed its response in opposition on February 28, 2006 (Record No. 154), and a hearing on the Defendant's motion was scheduled for March 27, 2006. Notice of Hearing on Motion (Record No. 155).

7. On March 22, 2006 -- five days before the hearing on Defendant's motion -- Jackson pled guilty to Count Eleven of the Second Superseding Indictment in exchange for the government's promise not to further pursue the drug conspiracy charge contained in Count One. Plea Agreement (Record No. 166). On July 13, 2006, the Honorable Gordon J. Quist, United States District Judge, sentenced Defendant Jackson to 30 months in prison. Amended Judgment (Record No. 162).[1]

8. Defendant Jackson completed his 30-month sentence and began his period of supervised release on January 26, 2008. Amended Probation Petition and Order (Record No. 377). On August 14, 2008, a petition was filed alleging Defendant Jackson violated several conditions of his supervised release. *Id.* On September 15, 2008, Defendant Jackson appeared before the Honorable Paul L. Maloney, Chief United States District Judge, and was found guilty of violating conditions of his supervised release. *See* Minutes of Revocation Hearing (Record

---

[1] On March 5, 2008, pursuant to Administrative Order 08-023 issued by then-Chief Judge Robert Holmes Bell, the above-captioned case was transferred to the Honorable Paul L. Maloney, United States District Judge (Record No. 354).

-4-

No. 382). Jackson was sentenced to eight months in the custody of the Federal Bureau of Prisons followed by 28 months of supervised release. Judgment for Revocation of Supervised Release (Record No. 384). According to the on-line inmate locator for the Federal Bureau of Prisons, Defendant Jackson is currently housed at FCI Manchester, Kentucky, and has a projected release date of April 24, 2009.

9. On November 26, 2008, former BHPD Officer Andrew Collins was indicted by a grand jury in this district and charged with possession with intent to distribute controlled substances. *See United States v. Andrew Collins*, W.D. Mich. Case No. 1:08-CR-298 [RHB]. During the investigation of former BHPD Officer Collins, federal investigators learned that Collins knowingly planted evidence -- a small baggie of marijuana -- under the driver's seat of the vehicle occupied by Defendant Jackson in Benton Harbor, Michigan on November 14, 2005. In a letter to Defendant Jackson's counsel, Daniel R. Fagan, dated December 1, 2008, undersigned government counsel stated:

> Today, our office is announcing the indictment of former Benton Harbor Police Officer Andrew Collins on charges pertaining to his conduct as a sworn police officer. Among other things, Officer Collins has recently admitted that he planted the marijuana in the vehicle driven by Co-defendant Demond Atkins on November 14, 2005, that resulted in the arrest of your client, Xavier Jacques Jackson. This information was unknown to us at the time of Mr. Jackson's prosecution, which proceeded in good faith. As a result of this new information, and in the interest of justice, we are contacting all defense counsel on federal cases in which Officer Collins participated.

10. On January 26, 2009, former BHPD Officer Collins pled guilty to the felony drug charge contained in the indictment, and he was remanded to the custody of the U.S. Marshals Service pending sentencing on April 28, 2009.

Although the Defendant waived any and all Fourth Amendment challenges with his plea of guilty, the parties believe that, in light of the serious breach of the public's trust by former BHPD Officer Collins and in the interest of justice, the Defendant should have his convictions and sentences vacated -- both his original conviction and 30-month sentence, and his supervised release conviction and eight-month sentence handed down on September 15, 2008 -- pursuant to 28 U.S.C. § 2255.

## Brief In Support

Federal prisoners can challenge the length or imposition of a sentence upon filing a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence in the district court where the prisoner was sentenced. The prisoner may obtain relief by showing that the sentence violated the Constitution, that the court lacked jurisdiction to impose the sentence, the sentence exceeded the maximum authorized by law, "or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A defendant must show a fundamental defect which inherently results in a complete miscarriage of justice to find relief under § 2255. *United States v. Addonizio*, 442 U.S. 178,185 (1979) (quoting *Hill v. United States*, 368 U.S. 242, 248 (1962)).

The parties agree that newly discovered evidence regarding the criminal conduct of former BHPD Officer Collins constitutes a complete miscarriage of justice warranting relief under 28 U.S.C. § 2255. Former BHPD Officer Collins recently admitted that he planted evidence for the purpose of establishing probable cause to arrest the Defendant, and during the custodial search of the Defendant at the Berrien County Jail 104 bindles of heroin were recovered from the Defendant's person. This information, along with significant additional information pertaining to former Officer Collins' criminal conduct under color of law, constitutes new

evidence supporting an order to vacate Defendant Jackson's conviction and sentence pursuant to 28 U.S.C. § 2255. Had this information been known to the United States during the prosecution of Defendant Jackson, the United States would have, at a minimum, disclosed this information to defense counsel in compliance with the Supreme Court's rulings in *Giglio v. United States*, 405 U.S. 150 (1972) and *Brady v. Maryland*, 373 U.S. 83 (1963) and their following cases. Moreover, since Defendant Jackson was sentenced in this case for a supervised release violation on September 13, 2008, this Joint Petition for Relief Pursuant to 28 U.S.C. § 2255 is timely. *See* 28 U.S.C. § 2255(f) (one-year period of limitation).

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Date: February 2, 2009

/s/ Brian P. Lennon
BRIAN P. LENNON
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404

Dated: February 3, 2009

SHARON A. TUREK
Assistant Federal Public Defender
Counsel for Defendant Xavier Jackson (SRVH)

Dated: February 5, 2009

w/permission DRF

DANIEL R. FAGAN
Trial Counsel for Defendant Xavier Jackson